**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **CRIMINAL ACTION** |
| ) | **NO. 20-40009-TSH** |
| ) | |
| **JOHANNY TORRES-ROJAS,** ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**
**July 2, 2020**

**HILLMAN, D.J.**

**Background**

Johanny Torrez-Rojas ("Torrez-Rojas" or "Defendant") has been charged by way of indictment with three counts of distribution and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §841(1) and/or §841(b)(1)(B). On January 13, 2020, he was arrested on a complaint that issued that same date and at his initial appearance assented to on order of detention reserving his right to a detention hearing at a later date. The indictment issued on February 13, 2020 and at Defendant's arraignment, the Government moved for a detention hearing. On March 4, 2020, after hearing, Magistrate Judge Hennessy ordered Torres-Rojas detained on the grounds that he is a danger to the community (due to the amount of drugs involved) and risk of flight. Thereafter, Torres-Rojas filed an emergency motion for release from

custody due to the ongoing COVID-19 pandemic. In support, Torres-Rojas cited his recent history of heart disease which place him in a high-risk category should he contract the virus. He argued that facilities such Wyatt Detention Center where he is being held experience high rates of transmission of contagious diseases because of the living environment to which inmates are subjected. A hearing was held on Torres-Rojas' motion on March 31, 2020. Magistrate Judge Hennessy denied the motion after finding that while Torres-Rojas suffers from some type of medical condition, there is no evidence that such condition places him in a high risk category should he contract the virus, that his condition would not prevent him from committing crimes were he released, and his release would not eliminate the danger of contracting COVID-19. This Memorandum and Order addresses Defendant's appeal of Magistrate Judge Hennessy's denial of his motion for release. *See Appeal From Denial Of Release* (Docket No. 49)(filed under seal).

## Discussion

### Standard of Review; Rebuttable Presumption

This Court conducts a *de novo* review of the Order to detain Torres-Rojas. Torres-Rojas is charged with a drug offense for which the maximum penalty is 10 years or more—consequently, the rebuttable presumption set forth in 18 U.S.C. §3142(e) applies. Accordingly, there is a presumption that he is both a danger to the community and risk of flight. Torres-Rojas can rebut that presumption upon showing by a preponderance of evidence that there are conditions or a combination of conditions that will assure his appearance as required, or by clear and convincing evidence that there are conditions or a combination of conditions that will assure that he is not a danger to any other person and the community. At the same time, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a

United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

Torres-Rojas appeals the order of detention on the grounds that he is pre-diabetic which places him at a higher risk should he contract COVID-19, that Wyatt Detention Center has seen a high rate of positive COVID-19 cases (as of May 28, 2020, 47 inmates had tested positive) and is unable to keep him safe and his family is willing to provide him a stable residence in Worcester, MA.

<u>Torres-Rojas's Proposed Conditions</u>

Torres-Rojas suggests that there are conditions or a combination of conditions that can be imposed to assure that he would appear as required and would not be a danger to any other person or the community if released while safeguarding his health. More specifically: (1) he live only at the family residence in Worcester, MA with his partner's daughter, her husband and their daughter; and (2) he would be under house arrest subject to GPS monitoring and not be permitted to leave the residence except for medical reasons.

<u>Whether Defendant Should be Released</u>

<u>*Defendant has failed to rebut the presumption that detention is warranted*</u>

Torres-Rojas is charged with possession with intent to distribute and distribution of a large quantity of fentanyl. The investigation involved multiple controlled buys from the Defendant of fentanyl and what appears to be cocaine, heroin and methamphetamine. Additionally, a search of his bedroom resulted in confiscation of what appears to be oxycodone,

3

methamphetamine, heroin and cocaine.[1] Based on the amount of fentanyl that Defendant sold to the confidential source during controlled buys, he faces a mandatory minimum sentence of five years on some charges and 10 years on others. A search of Defendant's bedroom led to the discovery of additional drugs as well as paraphernalia used in drub distribution. Moreover, while his partner's daughter and her husband have indicated a willingness to let him reside with them in Worcester should he be released, his ties to this area are scarce.

First, I find that Defendant has failed to rebut the presumption that he is a danger to the community and risk of flight. Additionally, on this record, irrespective of the rebuttable presumption, I find: (1) by clear and convincing evidence that he is a danger to the community and (2) by a preponderance of the evidence that he is a risk of flight and that there are no conditions or combination of conditions that would assure his appearance as required.

<em><u>Whether Defendant has established a Compelling Reason Justifying Release</u></em>

After considering the current and potential prospective impact of the COVID-19 pandemic together with potential health risks to Defendant, he has not established a compelling reason for releasing him. More specifically, Torres-Rojas is not in the age group considered to be at high risk (he is 54 years old) and does not suffer from any health issue that places him in a high risk category.[2] Moreover, since Torre-Rojas filed his motion, Wyatt Detention Center has taken significant additional steps to combat the virus. Presently, there are eight inmates and three

---

[1] Lab results remain pending on a number of the substances purchased from Defendant or found in the search of his bedroom.

[2] Torres-Rojas points to one elevated sugar test reading which would be just under that ascribed to someone diagnosed as pre-diabetic. At best, he is "pre" pre-diabetic. At the hearing, Torre-Rojas' counsel stated that while based on the medical records he cannot articulate an identifiable medical condition from which his client suffers, based on several fainting unexplained fainting episodes, he suffers from some type of medical condition. Even accepting this proposition, there is no evidence he suffers from a medical condition that places him at a higher risk should he contact COVID-19.

staff members actively COVID-19 positive. I will further note that conditions have also improved significantly in Massachusetts and surrounding states where the virus appears largely contained at this time. Such improvement favors a finding that Torres-Rojas *may* be at less risk to contract the virus if temporarily released. At the same time, if he were released Torres-Rojas fear of contracting COVID-19 through contact in the community may not deter him from fleeing or engaging in illegal conduct.

## Conclusion

Defendant's Appeal From Denial of Release (Docket No. 49) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**